UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARMELITA ALEXIS, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>CORINTHIAN COLLEGES, INC.,<br><br>    Defendant. | Case No. 13-cv-05446-VC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 42 |

The motion to dismiss the claim under the Telephone Consumer Protection Act is denied. Even if the plaintiffs originally consented to receive calls from Corinthian on their cell phones, they allege the calls persisted after they revoked their consent, which is sufficient to state a claim. *See, e.g.*, *Gager v. Dell Financial Services, LLC*, 727 F.3d 265, 272 (3d Cir. 2013) ("In sum, we find that the TCPA provides consumers with the right to revoke their prior express consent to be contacted on cellular phones by autodialing systems"); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, SoundBite Communications, Inc.*, 27 FCC Rcd. 15391 (Nov. 26, 2012). Further, Alexis, Lopez, and Nichols have alleged they encountered an automated prompt system, and Davis has alleged she picked up a call from Corinthian which was followed by a period of silence and a statement that she should hold to be connected with a live representative. These allegations, coupled with the allegations pointing to Corinthian's job postings, are sufficient to state a claim that Corinthian called plaintiffs using an automatic telephone dialing system.

The motion to dismiss the claim under California Business and Professions Code section

17200 is granted, because the second amended complaint does not allege the kind of economic injury contemplated by *Kwikset v. Super. Ct.*, 51 Cal. 4th 310 (2011). It alleges only that the phone calls "diminished the value of the [cell phones] for which Plaintiffs paid," without explaining how this could plausibly be so. Because the plaintiffs have had multiple opportunities to amend their complaint, and because they have identified no way in which they could cure this pleading defect in response to the motion, dismissal of this claim is with prejudice.

The hearing previously scheduled for July 10, 2014 is vacated. The case management conference previously scheduled for September 16 is now moved to Tuesday, July 29, 2014 at 10 a.m.

**IT IS SO ORDERED.**

Dated: July 8, 2014

_____
VINCE CHHABRIA
United States District Judge